FILED
CLERK, U.S. DISTRICT COURT

DEC 1 1 2023

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN DUGAN,<br><br>Defendant. | Case No.  CR 23-00549-PA<br><br>ORDER OF DETENTION |

I.

On    November 15, 2023, Defendant made his initial appearance on the indictment filed in this matter. Deputy Federal Public Defender Erin Murphy was appointed to represent Defendant.   The government was represented by Assistant United States Attorney Jason Gorn.   At Defendant's request, a detention hearing was scheduled for December 11, 2023.

☐    On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒    On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(3)(E)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court has

also reviewed and considered the Government's motion for detention, filed on December 6, 2023, (Dkt. No. 19), the Defendant's opposition to the motion, filed on December 10, 2023 (Dkt. Nos. 22-23), the supporting declarations and exhibits filed with the parties' respective motions, including the video recordings from the patrol vehicle and body cam footage at the time of Defendant's arrest, the report and recommendation of the U.S. Pretrial Services Agency prepared at the time of Defendant's initial appearance on November 15, 2023 and on today's date, December 11, 2023, and the arguments of counsel at the hearing.   The Court has also taken into account the significant bond and bond conditions proposed by Defendant.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Defendant's failure to yield to the patrol car pursuing Defendant on his motorcycle
- ☒ Defendant's commission of the instant offense while on probation for a similar offense one year prior
- ☒ history of substance abuse and pattern of escalating criminal activity

As to risk of danger to other persons or the community:

- ☒ Extensive criminal history includes felony convictions for narcotics offense, assault with a deadly weapon, prohibited person in possession of body armor and ammunition (the same offense he is currently charged with), and a misdemeanor conviction for domestic battery.
- ☒ Defendant, a violent convicted felon, who was in possession of ammunition, was arrested after he drove his motorcycle into a

2

residential apartment complex where it crashed. Defendant is believed to have possessed a loaded gun that was found close to his abandoned motorcycle. The extended magazine in defendant's possession fit into the loaded gun found nearby.

☒    history of substance abuse

☒    alleged gang affiliation

☒    Defendant's commission of the instant offense while on probation for a similar offense one year prior

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: December 11, 2023

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

3